**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | | |
|---|---|---|
| MICHAEL BURRISS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV423-163 |
| | ) | |
| DETECTIVE RODRIGUZE, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

The Court previously screened *pro se* plaintiff Michael Burriss' 42 U.S.C. § 1983 Complaint, pursuant to 28 U.S.C. § 1915A. *See* doc. 10. Because none of the defendants named in his original Complaint were proper, the Court dismissed his claims against them and afforded him an opportunity to amend his Complaint to identify a proper defendant. *See id.* at 2-4. He has complied. Doc. 11. The Court, therefore, proceeds to screen his Amended Complaint.

Because the Court applies Federal Rule of Civil Procedure 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the Complaint are taken as true and construed in the light most favorable to

1

the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011).
Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678
(2009) (discussing a Rule 12(b)(6) dismissal). As Burriss is proceeding
*pro se*, his pleadings are held to a less stringent standard than pleadings
drafted by attorneys and are liberally construed. *See Bingham v.
Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

Burriss' Amended Complaint identifies "Detective Rodriguze" of the
Garden City, Georgia Police Department as the sole defendant. *See* doc.
11 at 2. His factual allegations are suggestive, but, even given the liberal
construction afforded to *pro se* pleadings, they are insufficient to state a
claim. He states, in identifying the rights he claims were violated, that
he was subjected to an "[i]llegal search [and] seizure." *Id.* at 3. In
alleging the way in which Rodriguze "acted under color of law," he
appears to assert that Rodriguze lacked probable cause to seize and
search him merely because he was riding a bicycle on the sidewalk. *Id.*
at 4. Despite those suggestive allegations, he refuses to include a detailed
recitation of the facts underlying his claims. *See id.* at 4-5. Instead of
alleging facts, he states, in unedited form:

> I have thourly explained all of this in my first statement of
> claim 4:23-cv-163. I am not rewriting my statement of claim

> as this is an amendmant and <u>not</u> a new claim.  See my original
> "statement" + additions as they are intact.

*Id.* at 4.  The Court assumes that by "additions," Burriss refers to the

various documents he filed after his original Complaint.  *See* docs. 7 & 9.

Despite Burriss' contention concerning the status of his pleadings,

the Court previously explained to him both that attempts to assert claims

across multiple filings are improper and "that his amended complaint

will supersede the current operative complaint *and therefore must be*

*complete in itself.*"  Doc. 10 at 4 (emphasis added) (citing *Varnes v. Local*

*91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1370 n.

6 (11th Cir. 1982)).  Contrary to Burriss' assertion, this Court cannot

combine his various filings into a proper pleading.  *Id.* at 3-4 (citing *Peers*

*v. Brown*, 2023 WL 3613667, at *2 (11th Cir. May 24, 2023)).  His refusal

to acknowledge and comply with the Court's instructions, alone, warrant

dismissal.[1]   *See, e.g.,* Fed. R. Civ. P. 41(b).   Regardless of his

noncompliance, however, all of his claims fail.

First, Burriss' allegations that he was seized and searched without

sufficient basis implicates a violation of his Fourth Amendment rights.

---

[1]  Moreover, Burriss' disregard of the Court's orders and the applicable procedural
rules, evidenced by his continued attempts to assert claims informally and piecemeal,
verges on vexatious and malicious litigation.  *Cf. Moon v. Newsome*, 863 F.2d 835,

*See, e.g., Hughes v. Lott*, 350 F.3d 1157, 1160-61 (11th Cir. 2003) (explaining that "a successful § 1983 action for Fourth Amendment search and seizure violations," is not barred by *Heck v. Humphrey*, 512 U.S. 477 (1994)). However, Section 1983 claims are subject to the statute of limitations applicable to personal-injury torts under state law. *Wallace v. Kato*, 549 U.S. 384, 387 (2007) (internal citation omitted). Under Georgia law, the statute of limitations for such claims is two years. O.C.G.A. § 9-3-33; *see also Williams v. City of Atlanta*, 794 F.2d 624, 626

---

837 (11th Cir. 1989) ("[O]nce a *pro se* [*in forma pauperis*] litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure. These rules provide for sanctions for misconduct and for failure to comply with court orders."); *see also Patterson v. Aiken*, 841 F.2d 386, 387 (11th Cir. 1988) ("[P]ro se filings do not serve as an impenetrable shield, for one acting *pro se* has no license to . . . clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets."). As the Eleventh Circuit has recognized:

> Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions. [Cit.] The Court has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others. [Cit.] To counter this threat, courts are authorized to restrict access to vexatious and abusive litigants.

*Brewer v. United States*, 614 F. App'x 426, 427 (11th Cir. 2015). For the reasons discussed below, this case is due to be dismissed, regardless of Burriss' vexatiousness. The Court notes, however, that it is not the only case he is pursuing. *See Burris v. U.S. Supreme Court*, CV423-180 (S.D. Ga. July 3, 2023). The Court has now advised Burriss that his attempts to add to and modify his claims, without any apparent regard for the pleading or amendment provisions of the Federal Rules, is inappropriate. Burriss is now explicitly advised that further disregard of procedural rules and orders *in any case before this Court* may subject him to sanctions.

(11th Cir. 1986).  Generally, the statute of limitations for § 1983 claims begins to run when facts supporting the cause of action are or should be reasonably apparent to the plaintiff.  *Brown v. Ga. Bd. of Pardons & Paroles*, 335 F.3d 1259, 1261 (11th Cir. 2003) (*per curiam*).  Although the statute of limitations is often an affirmative defense, it is applicable at screening where it is apparent on the face of a complaint.  *See, e.g., Jones v. Bock*, 549 U.S. 199, 215 (2007).  Burriss expressly alleges[2] that the events implicating his Fourth Amendment rights occurred in "early 2020." Doc. 1 at 5.  The statute of limitations would have run, therefore, no later than December 31, 2022; more than six months before the Complaint was filed.[3]  *See* doc. 1 at 8.  Any claims arising from those events are, therefore, **DISMISSED**.

Even supposing that Burriss' claims against Rordriguze were not time-barred, and he alleged sufficient facts to support them, his requests

---

[2] Despite the fact that Burriss' attempt to incorporate prior filings by reference violated this Court's Order, those incorporated pleadings are not excluded from the Court's consideration at screening. *See, e.g., Saunders v. Duke*, 766 F.3d 1262, 1270 (11th Cir. 2014) ("[D]ocuments . . . incorporated in the complaint by reference can generally be considered by a federal court in ruling on a motion to dismiss under Rule 12(b)(6)." (citation omitted)).

[3] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n. 2 (11th Cir. 2009). "Absent evidence to the contrary in the form of prison logs or other records, [courts] will assume that [a prisoner's filing] was

that Rodriguze be "criminally prosecuted for kidnapping[ ] and terroristic actions," is properly **DISMISSED**.   Private citizens are simply not permitted to initiate criminal actions in federal court.  *See, e.g., Lopez v. Robinson,* 914 F.2d 486, 494 (4th Cir. 1990) ("No citizen has an enforceable right to institute a criminal prosecution." (citing *Linda R. v. Richard V.*, 410 U.S. 614, 619 (1973) ("In American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."))); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) ("[A] private citizen has no authority to initiate a federal criminal prosecution.").  The Court is also without authority to order the United States Attorney, or indeed any other law enforcement officer, to initiate a prosecution.  *See, e.g., Inmates of Attica Corr. Facility v. Rockefeller*, 477 F.2d 375, 379 (2nd Cir. 1973) (citations omitted) ("federal courts have traditionally and, to our knowledge, uniformly refrained from overturning, at the insistence of a private person, discretionary decisions of federal prosecuting authorities not to prosecute persons regarding whom a complaint of criminal conduct is made[,] . . .

---

delivered to prison authorities on the day he signed it . . . ."  *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

even in cases . . .where . . . serious questions are raised as to the protection of the civil rights and physical security of a definable class of victims of crime and as to the fair administration of the criminal justice system."). Such orders would violate the Constitution's separation of powers between the Executive and Judicial Branches. *See id.* at 379-80 (quotes and cite omitted) (the United States Attorney, although a member of the bar and an officer of the court, "is nevertheless an executive official of the Government, and it is as an officer of the executive department that he exercises a discretion as to whether or not there shall be a prosecution in a particular case.").

Finally, the two documents identified as "Statement[s] of claims" are clearly defective. The first "Statement" alleges that lights were left on for much of the night at an unspecified location, but presumably Chatham County Detention Center, where Burriss is detained. *See* doc. 7 at 1. That "Statement" does not identify any defendant allegedly responsible for that condition. *See id.* The second "Statement" similarly alleges that Burriss is subjected to objectionable conditions of

confinement.[4]  *See generally* doc. 9 at 1-2; doc. 9-1 at 1-2.  Specifically, he

alleges that he was denied a razor, which caused his "face [to] break[ ]

out in rashes," doc. 9 at 1, and that non-veterans are housed in a dorm

he refers to as the "Veteran Pod," which prevents veterans from accessing

services and results in abuse, doc. 9-1 at 1-2.  Based on the totality of his

allegations, his most recent "Statement" seeks "21.312 billion,"

presumably dollars, in damages.  Doc. 9-1 at 2.  It is unclear whether that

amount is sought in addition to the $1.7 million in damages he seeks in

the Amended Complaint.  *See* doc. 11 at 5.

First, as discussed above, the only defendant named in Burriss'

Amended Complaint is Detective Rodriguze.  *See* doc. 11 at 1-2.  Since

there is no allegation, much less any plausible allegation, that Rodriguze

is responsible for the conditions of Burriss' confinement, allegations

concerning those conditions cannot state a claim against him.  *See, e.g.,*

*Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff

---

[4]  Burriss does identify several individuals, apparently Chatham County Detention Center staff, who denied his requests for a razor.  *See* doc. 9 at 1.  However, he has never named any of those individuals as defendants.  Moreover, as discussed below, any claim based on denial of access to a razor fails because that denial does not violate any constitutional right.

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Moreover, even if Burriss identified a defendant, the conditions he alleges do not violate any of his constitutional rights. As the Supreme Court has stated, "the Constitution does not mandate comfortable prisons . . . ." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Limited periods of darkness are not clearly unconstitutional. *See Chavarria v. Stacks*, 102 F. App'x 433, 436-37 (5th Cir. 2004); *see also Johnson v. Wilson*, 2018 WL 8618660, at *7 (S.D. W. Va. April 11, 2018) (collecting cases). Courts have held that where a prisoner was "able to sleep 4-5 hours a night," continuous illumination did not support an Eighth Amendment claim. *Silverstein v. Fed. Bureau of Prisons*, 2011 WL 4552540, at *18 (D. Colo. Sept. 30, 2011). Denial of access to a razor does not violate the Constitution. *See, e.g., McCoy v. Goord*, 255 F. Supp. 2d 233, 260 (S.D.N.Y. 2003) ("[F]ailure to provide razors for shaving [does not] rise to the level of constitutional concern."). The skin conditions resulting from the lack of access to a razor are also insufficient to violate the Constitution. *See, e.g., Bennett v. Chatham County Det. Ctr.*, 2021 WL 5317817, at *2 (ingrown hairs are not an objectively serious medical

need and collecting cases).   Finally, "[c]ase law is legion for the proposition that mere placement of a detainee with convicted prisoners does not implicate (much less infringe upon) the detainee's constitutional rights."  *Young v. May*, 2013 WL 3875261, at \*2 (S.D. Ala. July 25, 2013) (collecting cases).  To the extent that Burriss' "Statement[s] of Claim" are properly before the Court, therefore, they fail to state a claim upon which relief can be granted.  *Cf.* 28 U.S.C. §§ 1915(e)(2)(B), 1915A.

The Court has also received a document, in the nature of correspondence addressed to the formerly assigned District Judge, titled "Addition to defendants for 4:23-cv-163."  Doc. 12.  That document does not assert any substantive claims, it merely requests that John Wilcher, "Captain Brian," a Chatham County public defender, Brian Kemp, and an additional Garden City, Georgia police officer be added as defendants.  *See id.* at 1.  First, correspondence addressed to judges is not a proper form to request relief.  *See, e.g., In re Unsolicited Letters to Federal Judges*, 120 F. Supp. 2d 1073, 1074 (S.D. Ga. 2000) ("[I]f a litigant seeks judicial action of any sort . . ., it must be contained within a *motion* . . . . It cannot be requested in a personal *letter* to a judge.").  Even if Burriss' request were properly presented, however, it is meritless.  The fact that

10

Burriss has not even suggested how any of the named individuals might be liable for any violation of rights renders his request frivolous. *See, e.g., Iqbal,* 556 U.S. at 678 (pleading a claim "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").

In summary, Burriss' Amended Complaint fails to state a claim upon which relief can be granted. It is, therefore, **DISMISSED**. 28 U.S.C. § 1915A. Specifically, to the extent the Amended Complaint asserts that Defendant Rodriguze violated Burriss' Fourth Amendment rights when, in 2020, he detained and searched him based solely on the allegation that Burriss was riding a bicycle on the sidewalk, those claims are time-barred. To the extent that Burriss intended to assert claims arising from the conditions of his confinement at Chatham County Detention Center, there is no plausible allegation that Rodriguze is liable for those conditions and the conditions alleged do not violate Burriss' constitutional rights. Finally, Burriss' request to "add defendants" to assert wholly unspecified claims against them is meritless. Alternatively, Burriss' express refusal to comply with this Court's instructions concerning restatement of his piecemeal claims warrants dismissal. *See, e.g.,* Fed. R. Civ. P. 41(b); *Brown v. Tallahasse Police*

*Dept.*, 205 F. App'x 802, 802 (11th Cir. 2006) ("Dismissal pursuant to Rule 41(b) upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." (internal quotation marks and citation omitted)). *Cf.* S.D. Ga. L. Civ. R. 41.1. The Clerk is **DIRECTED** to **CLOSE** this case.

 **SO ORDERED**, this 24th day of July, 2023.

        _____
        CHRISTOPHER L. RAY
        UNITED STATES MAGISTRATE JUDGE
        SOUTHERN DISTRICT OF GEORGIA